**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**RIKARDO NDRECAJ,** in his individual capacity
and on behalf of others similarly situated,

  Plaintiff,

v.

**4 A KIDS LLC**
  d/b/a Frankie & Johnny's Tavern
  a/k/a F&J Pine Restaurant
  a/k/a The Pine Restaurant
  a/k/a Frankie and Johnny's Pine
**PINE BAR & GRILL, LLC;**
**A & A RESTAURANT INC.**
  d/b/a Pine Bar & Grill;
**LITTLE TOR ROAD LLC;**
**PINE TAVERN PARKING CORP;**
**PINE TAVERN INC.;**
**F & J PINE RESTAURANT, LLC;**
**HUTCH METRO CAFÉ CORP.**
  d/b/a Metro Café;
**A&C PINE PROPERTIES, INC**
  d/b/a The Pine Restaurant of Queens;
**ANTHONY BASTONE,** an individual, and
**CHARLES "CHUCK" ROSE**, an individual,

  Defendants.

---

**COMPLAINT FOR DAMAGES**

Case No._____

**JURY TRIAL REQUESTED**

---

## INTRODUCTION

1.  Plaintiff Rikardo Ndrecaj, worked as a server and bartender for Defendants' related restaurants from approximately 2003 to November 2016.  During this time, Defendants engaged in egregious time shaving practices, made unlawful deductions to pay, violated minimum wage and overtime laws, and failed to give the proper notices regarding tips and tip credits.  Defendants have been sued at least twice before regarding wage and hour practices and are or reasonably should be aware of their obligations.  To challenge these

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

and other wage violations, Plaintiff, in his individual capacity and on behalf of others similarly situated, brings this class and collective action, by and through his attorneys, against the above-captioned Defendants to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL").

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

3.  This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

4.  Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred primarily at the Defendants' restaurants located at 1913 Bronxdale Ave, Bronx, NY 10462 and 1634 Eastchester Road, Bronx, NY 10461, and one or more of the Defendants named herein reside in this district.

## PARTIES

### The Pine Bar & Grill Defendants

5.  The Pine Bar & Grill is located at 1634 Eastchester Road, Bronx, NY 10461.

6.  Defendant A & A Restaurant Inc. previously operated a restaurant located at 1634 Eastchester Road, Bronx, NY 10461 that did business as The Pine Bar & Grill.

7.  Defendant **A & A Restaurant Inc.** ("A&A") was a corporation doing business within the County of Bronx, and whose principal place of business was located at 1634 Eastchester

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ndrecaj v. 4 A Kids LLC, et al.,*
USDC, Southern District of New York

Complaint
Page 2

Road, Bronx, NY 10461.  Its DOS Process agent is listed with the NYS Department of State as A & A Restaurant Inc. at the same address, but the corporate status is listed as inactive, effective January 27, 2010.

8.   Defendant Pine Bar & Grill, LLC currently operates a restaurant located at 1634 Eastchester Road, Bronx, NY 10461 that does business as The Pine Bar & Grill.

9.   Defendant **Pine Bar & Grill, LLC** ("Pine Bar & Grill") is a corporation that was incorporated on or about June 8, 2010, does business within the County of Bronx, and whose principal place of business is located at 1634 Eastchester Road, Bronx, NY 10461. Its DOS Process agent is listed with the NYS Department of State as Pine Bar & Grill, LLC at the same address.

10.   At all relevant times, Defendant Pine Bar & Grill has had annual gross revenues in excess of $500,000.

11.   At all relevant times, Defendants A&A and Pine Bar & Grill were engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12.   At all times material to this action, Defendants A&A and Pine Bar & Grill were subject to the FLSA and were "employers" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

13.   At all relevant times Defendants A&A, Pine Bar & Grill, and all other named Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 USC 203(r).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ndrecaj v. 4 A Kids LLC, et al.,*
USDC, Southern District of New York

Complaint
Page 3

**Frankie & Johnny's Tavern**

14. Frankie & Johnny's Tavern ("Tavern") is located at 1913 Bronxdale Avenue, Bronx, NY 10462.

15. Frankie & Johnny's Tavern is also known as, or has been known as, F & J Pine Restaurant, The Pine Restaurant, and Francisco & Giovanni's Pine.

16. Defendant **4 A KIDS LLC** is a corporation doing business within the County of Bronx, and whose principal place of business is located at 1913 Bronxdale Ave, Bronx, NY 10462. Its DOS Process agent is listed with the NYS Department of State as 4 A Kids LLC at the same address.

17. At all relevant times, Defendant 4 A Kids LLC has had annual gross revenues in excess of $500,000.

18. At all relevant times, Defendant 4 A Kids LLC is engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

19. Defendant 4 A Kids LLC is subject to the FLSA and was an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

20. At all relevant times Defendant 4 A Kids LLC and all other named Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 USC 203(r).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ndrecaj v. 4 A Kids LLC, et al.,*
USDC, Southern District of New York

Complaint
Page 4

**Metro Cafe**

21. Metro Cafe is located at Hutchinson Metro Center, 1250 Waters Place, Bronx, NY 10461.

22. Defendant **Hutch Metro Café Corp.** ("Metro") is a corporation doing business within the County of Bronx, and whose principal place of business is located at Hutchinson Metro Center, 1250 Waters Place, Bronx, NY 10461. Its DOS Process agent is listed with the NYS Department of State as Hutch Metro Café Corp. at 1913 Bronxdale Ave, Bronx, NY 10462.

23. At all relevant times, Defendant Metro had annual gross revenues in excess of $500,000.

24. At all relevant times, Defendant Metro was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

25. At all times material to this action, Defendant Metro was subject to the FLSA and was an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

26. At all relevant times Defendant Metro and all other named Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 USC 203(r).

**The Pine Restaurant of Queens**

27. The Pine Restaurant of Queens is located at 37-10 114th St, Corona NY 11368.

28. The Pine Restaurant of Queens is also known as Pine Restaurant & Sports Bar.

29. Defendant **A&C Pine Properties, Inc**. is a corporation doing business within the County of Queens, whose principal place of business is located at 37-10 114th St, Corona NY

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

11368.  Its DOS Process agent is listed with the NYS Department of State as Charles Rose at the same address.

30. Defendant Rose is the Owner of The Pine Restaurant of Queens.

31. At all relevant times, The Pine Restaurant of Queens had annual gross revenues in excess of $500,000.

32. At all relevant times, The Pine Restaurant of Queens was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33. Defendant The Pine Restaurant of Queens was subject to the FLSA and was an "employer" of others similarly situated to the Plaintiff, as defined by § 203(b) of the FLSA.

34. At all relevant times Defendant The Pine Restaurant of Queens and all other named Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 USC 203(r).

## Other Related Entities

35. **Little Tor Road LLC** is a corporation doing business within the County of Bronx, and whose principal place of business is located at 1913 Bronxdale Ave, Bronx, NY 10462.  Its DOS Process agent is listed with the NYS Department of State as Anthony Bastone at the same address.

36. **Pine Tavern Parking Corp.** is a corporation doing business within the County of Bronx, and whose principal place of business is located at 1913 Bronxdale Ave, Bronx, NY 10462. Its DOS Process agent is listed with the NYS Department of State as Anthony Bastone at the same address.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ndrecaj v. 4 A Kids LLC, et al.,*
USDC, Southern District of New York

Complaint
Page 6

37. **Pine Tavern Inc.** is a corporation doing business within the County of Bronx, and whose principal place of business is located at 1913 Bronxdale Ave, Bronx, NY 10462. Its DOS Process agent is listed with the NYS Department of State as Pine Tavern Inc at the same address

38. **F & J Pine Restaurant, LLC** is a corporation doing business within the County of Bronx, and whose principal place of business is located at 1913 Bronxdale Ave, Bronx, NY 10462. Its DOS Process agent is listed with the NYS Department of State as Anthony Bastone at the same address.

39. At all relevant times, Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

**Defendant Anthony Bastone**

40. Defendant Anthony Bastone an individual, resides at 55 Park Drive a/k/a 4 Peace Street, Pelham Manor, New York, in Westchester County, upon information and belief.

41. Upon information and belief, Defendant Bastone is an owner of some or all of the related corporate defendants.

42.  At all times material to this action, Defendant Bastone actively participated in the business of the corporations.

43. At all times material to this action, Defendant Bastone exercised substantial control over the functions of the corporate Defendants' employees including Plaintiff and others similarly situated.

44. Defendant Bastone had the ability to and did in fact hire and fire, set schedules and rates of pay, and determine and implement employment related polices for all the corporate

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ndrecaj v. 4 A Kids LLC, et al.,*
USDC, Southern District of New York

Complaint
Page 7

Defendants.

45. At all times material to this action, Defendant Bastone was an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

**Defendant Charles "Chuck" Rose**

46. Defendant Charles "Chuck" Rose an individual, resides at 721 Streamwood Dr. Holly Springs, NC 27540, upon information and belief, but maintains interests in New York.

47. At all times material to this action, Defendant Rose actively participated in the business of the corporations.

48. Upon information and belief, Defendant Rose is the son-in-law of Defendant Bastone.

49. Upon information and belief, Defendant Rose is an owner of some or all of the related corporate defendants.

50. At all times material to this action, Defendant Rose exercised substantial control over the functions of the corporate Defendants' employees including Plaintiff and others similarly situated.

51. Defendant Rose had the ability to and did in fact hire and fire, set schedules and rates of pay, and determine and implement employment related polices for all the corporate Defendants.

52. At all times material to this action, Defendant Rose was an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

**Plaintiff Rikardo Ndrecaj**

53. Plaintiff Rikardo Ndrecaj is a resident of Bronx, New York, which is in Bronx County.

54. At all times material to this action, Plaintiff Ndrecaj was an "employee" within the meaning of 29 U.S.C. § 203(e) and the NYLL

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ndrecaj v. 4 A Kids LLC, et al.,*
USDC, Southern District of New York

Complaint
Page 8

**FLSA Collective Plaintiffs**

55. The Named Plaintiff brings the First Claim for Relief as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of (a) all employees paid on an hourly basis as well as (b) all servers, bussers, bartenders, and other tipped employees employed by Defendants on or after the date three years before the filing of the instant Complaint, in any location (the "FLSA Collective Plaintiffs").

56. Upon information and belief, all employees paid on an hourly basis are not paid at least the relevant minimum wage for all hours worked or an overtime rate for all hours worked over forty.

57. Upon information and belief, all servers, bussers, bartenders, and traditionally tipped employees are paid on an hourly subminimum wage rate plus tips, but are not paid at least the minimum wage for all hours worked or an overtime rate for all hours worked over forty.

58. All employees of Defendants as listed above have common or substantially similar job descriptions and duties, and are subject to common or substantially similar policies and procedures.

59. The FLSA Collective Plaintiffs are similarly situated, in that they have had substantially similar job duties, have been subject to common pay practices and decisions on the part of the Defendants.  The FLSA claims of the Named Plaintiff alleged herein are essentially the same as those of the other FLSA Collective Plaintiffs.

60. The identities of the individuals comprising the FLSA Collective are, or should be, readily ascertainable from Defendant's records.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, text message, and social media.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ndrecaj v. 4 A Kids LLC, et al.,*
USDC, Southern District of New York

Complaint
Page 9

**Rule 23 Class**

61. The Named Plaintiff bring the Second Claim for Relief as a Class Action pursuant to Fed. R. Civ. Proc. 23, on behalf of (a) all employees paid on an hourly basis as well as (b) all servers, bussers, bartenders, and other tipped employees employed by Defendants on or after the date six years before the filing of the instant Complaint within the state of New York (the "NYLL Class Plaintiffs").

62. The number of, and identities of, the individuals comprising the NYLL Class are, or should be, readily ascertainable from Defendants' records.  Notice can be provided to the NYLL Class Plaintiffs via means permissible under FRCP 23, correlative caselaw, and appropriate judicial guidance.

63. The precise number of persons is unknown, as such information is in the custody and control of the Defendants.  However, upon information and belief, there are easily more than fifty (50) individuals in the proposed NYLL Class.

64. The proposed Class is so numerous that joinder of all members is impracticable.  Further, the disposition of their claims as a class will benefit the parties and the Court.

65. The Named Plaintiff's claim is typical of those claims which could be alleged by any member of the class.  Further, the relief sought by the Named Plaintiff is typical of the relief which could be sought by any member of the proposed NYLL Class.  The Class members were all subject to the same practices, decisions, policies, plans, and customs of Defendants as alleged herein.  There was nothing special about the Named Plaintiff that caused him to be treated differently than other Class members in regards to the pay policies to which they were subjected.  Defendants benefitted from the unlawful withholding of

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ndrecaj v. 4 A Kids LLC, et al.,*
USDC, Southern District of New York

Complaint
Page 10

wages due to members of the proposed Class and the Named Plaintiff in the same way. Though the exact amounts may differ, Plaintiff and other Class members incurred similar losses, injuries, and damages arising from Defendants' pay practices.

66. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Further, Plaintiff is represented by attorneys who are experienced and competent in class/collective action litigation, employment litigation, and wage and hour employment litigation in particular.

67. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. In wage and hour litigation involving low wage workers in particular, the individual Class members more often than not lack the financial, language, time, and other resources to vigorously prosecute a lawsuit against Defendants having a superior bargaining positions. A class action will allow those similarly situated to prosecute their common claims together and minimize the need for duplicative efforts expended on their behalf. Though important and significant to Class members individually, the damages suffered by each of the individual Class members are relatively small relative to the costs associated with litigation; pooling them together therefore serves the end of efficiency.

68. In addition, important public interests will be served by treating this claim as a class action. Otherwise, there is a risk that some workers would be compensated according to the law and others not, resulting in a net benefit to Defendants for those who were improperly paid but for whom no damages are assessed.

69. There are questions of law and fact common to the Class that predominate over questions affecting class members individually. Some of these questions may include the following:

a. Whether NYLL Class Plaintiffs have been improperly paid below the relevant

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

minimum wage;

 b. Whether NYLL Class Plaintiffs have been improperly paid below the relevant overtime rate for all hours worked over forty in a workweek;

 c. Whether Defendants' improperly took a "tip credit" against the wages of the NYLL Class Plaintiffs;

 d. What Defendants' pay policies, practices, directives, instruction, programs, and procedures were for all relevant times;

 e. Whether Defendants' conduct was willful;

 f. Whether Defendants maintained true and accurate time and payroll records; and

 g. What formulae are appropriate for calculating damages.

## FACTUAL BACKGROUND

70. Plaintiff Rikardo Ndrecaj worked for Defendants from in or around 2003 to approximately November 2016 in the positions of server and bartender.

71. Over the course of his employment Plaintiff Ndrecaj worked at the Tavern, the Pine Bar & Grill, and Metro Cafe for varying lengths of time.

72. Regardless of the location at which he performed services, Plaintiff Ndrecaj was at all time subject to Defendants' identical compensation policies and practices.

73. While working for Defendants, Plaintiff Ndrecaj's pay scheme was hourly plus tips.

74. From January 2011 through the end of 2015, Plaintiff Ndrecaj's rate of pay was $5.00 per hour plus tips.  Throughout 2016, Plaintiff Ndrecaj's rate of pay was $7.50 per hour plus tips.

75. While working in this capacity, Plaintiff Ndrecaj was expected to record time worked by an electronic POS (point of sale) system.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

76. Plaintiff Ndrecaj was generally scheduled to work five to six shifts per week at a minimum but would regularly work more, up to eight shifts. Defendants scheduled the weekday lunch shift from 10:00 a.m. to 5:00 p.m. and the weekday dinner shift from 4:00 p.m. to 1:00 a.m. On weekends, the dinner shifts ended approximately one to two hours later.

77. Plaintiff Ndrecaj estimates that when he worked five shifts a week, which was generally the minimum he would work in any given week, he was usually scheduled to work approximately two lunch shifts a week and three dinner shifts. As such, Plaintiff Ndrecaj estimates that generally he worked at least 41 hours per week and almost always more.

78. Plaintiff Ndrecaj regularly worked more than ten hours a day. This occurred when working weekend dinner shifts, and on all occasions (of which there were many) on which he worked more than one shift a day.

79. For approximately three years prior to his separation, Defendants paid Plaintiff his hourly rate for only his first sixteen (16) hours of work a week, regardless of the number of hours he worked.

80. For all weeks prior to this in the relevant period, Defendants paid Plaintiff for approximately 35 hours per week, regardless of the number of hours he worked.

81. Defendants simply did not pay Plaintiff Ndrecaj for more than 40 hours a week, much less at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

82. Throughout his employment, Defendants did not provide Plaintiff with accurate pay stubs.

83. Throughout his employment, Defendants did not provide Plaintiff with a wage notice.

84. Throughout his employment, Defendants failed to provide Plaintiff notice regarding a tip credit.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

85. Defendants regularly deducted $5.00 per shift from Plaintiff's pay.  This was allegedly for a meal that was very frequently not provided at all.  Furthermore, Plaintiff and others similarly situated generally did not get a bona fide meal break, as they were required to tend to tables, answer phones, and perform work.

86. Defendants made a deduction to Plaintiff 's pay for a uniform apron that he was required to wear at all times while working for Defendants.

87. Defendants made deductions to Plaintiff's wages for various unauthorized reasons, including customer walk-outs.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

88. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

### *Failure To Pay Minimum Wage*

89. Defendants failed to pay Plaintiff and others similarly situated the minimum wage for all hours they worked, in violation of the FLSA.

### *Improper Claim to Tip Credit Amount*

90. Defendants did not meet their obligations that would permit them to enjoy the benefits of the tip credit.

91. Therefore, Plaintiff and others similarly situated are entitled to recover for the difference between the full minimum wage rate and what they were actually paid in hourly compensation.

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ndrecaj v. 4 A Kids LLC, et al.,*
USDC, Southern District of New York

Complaint
Page 14

### Failure To Pay Time Overtime

92. Defendants failed to compensate Plaintiff and others similarly situated at a rate of one and one half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

### Late Payments

93. On at least some occasions, Plaintiff and others similarly situated did not receive their paychecks on the prescribed paydays.

94. Because the Defendants failed to pay wages or overtime on the regular payment date, Plaintiff and others similarly situated are entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

### Record-Keeping Failures

95. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### Willful & Not Based On Good Faith & Entitlement to Damages

96. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

97. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

98. Defendants have been involved in at least two other lawsuits in which violations of the FLSA and NYLL were alleged. Nevertheless, they have continued to disregard these laws'

**ANDERSON**DODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

requirements.

99. As a result of the violations by Defendants of the FLSA, the Plaintiff and others similarly situated are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid minimum wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**NEW YORK LABOR LAW (NYLL) VIOLATIONS**

100. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

101. At all relevant times, Plaintiff and others similarly situated were/are employees of Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

### Failure To Pay Minimum Wage

102. Defendants failed to pay Plaintiff and others similarly situated the minimum wage for all hours they worked, in violation of NYLL § 652.

### Failure To Pay Overtime

103. Defendants failed to compensate Plaintiff and others similarly situated at a rate of one and one half times their normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

### Spread of Hours

104. Plaintiff and others similarly situated worked more than 10 hours on at least some workdays, but Defendants failed to pay them an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ndrecaj v. 4 A Kids LLC, et al.,*
USDC, Southern District of New York

Complaint
Page 16

*Improper Deductions*

105. The Defendants made deductions from the wages of Plaintiff and others similarly situated other than those authorized under NYLL § 193.  See also 12 N.Y. Comp. Codes R. & Regs. 142-2.10

106. For example, Defendants made deductions from Plaintiff's and others similarly situated wages for meals that were not provided, customer walk-outs, and uniform costs.

*Failure To Provide Break Time*

107. Plaintiff and others similarly situated were/are employed in or in connection with Defendants' "mercantile or other establishment."  Plaintiff and others similarly situated worked a shift of more than six hours extending over the noon day meal timeframe (i.e. between 11:00 a.m. and 2:00 p.m.).  Defendants failed to provide Plaintiff and others similarly situated at least thirty minutes for the noon day meal, in contravention of NYLL § 162(2).

108. Plaintiff and others similarly situated worked a shift starting before 11:00 a.m. and ending later than 7:00 p.m.  Defendants failed to provide Plaintiff and others similarly situated an additional meal period of at least twenty minutes between 5:00 p.m. and 7:00 p.m., in contravention of NYLL § 162(3).

109. Plaintiff and others similarly situated worked a shift of more than six hours starting between 1:00 p.m. and 6:00 a.m.  Plaintiff and others similarly situated were/are employed in or in connection with Defendant's mercantile or other establishment.  Defendants failed to provide Plaintiff and others similarly situated at least forty-five minutes for a meal period, in contravention of NYLL § 162(4).

110. The New York Commissioner of Labor issued no authority, pursuant to NYLL § 162(5)

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

permitting Defendant to provide shorter meal periods for Plaintiff.

***Failure To Pay Wages At Prescribed Frequency***

111. Plaintiff was a "manual worker" as that term is defined in NYLL § 190(4).

112. On at least some occasions, Plaintiff and others similarly situated did not receive their paycheck on the prescribed paydays.

113. Because of these untimely payments, Plaintiff and others similarly situated were not consistently paid at regular weekly intervals, nor was there any agreement in place as contemplated by NYLL § 191(1)(a)(ii).

114. When Plaintiff was separated from the company, the employer failed to pay the wages owing in his final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

***Failure to Provide Pay Stubs / Wage Notices / Tip Notice***

115. Defendants failed to furnish Plaintiff and others similarly situated with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,  commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

116. Defendants failed to furnish Plaintiff and others similarly situated with "pay stubs," or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ndrecaj v. 4 A Kids LLC, et al.,*
USDC, Southern District of New York

Complaint
Page 18

2.7.

117. Defendants failed to furnish Plaintiff and others similarly situated with a "tip notice" or written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday, and a statement that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate.  12 N.Y. Comp. Codes R. & Regs. 146-2.2.

### Record-Keeping Failures

118. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

119. At all relevant times, Defendants failed to establish, maintain and preserve for not less than six years, payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

120. Defendant failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

### Damages

121. Due to Defendants' New York Labor Law violations, Plaintiff and others similarly situated are entitled to recover their unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action.  NY Lab. Law § 663(1).

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ndrecaj v. 4 A Kids LLC, et al.,*
USDC, Southern District of New York

Complaint
Page 19

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and others similarly situated respectfully requests that this Court grant the following relief:

(A)     Certify this case as a class action, pursuant to Fed. R. Civ. P. 23;

(B)     Designate of Plaintiff's counsel as Class Counsel

(C)     Certify this case as a collective action, pursuant to 29 U.S.C. §216(b);

(D)     Designate Plaintiff as representative of the class and collective;

(E)     Award Plaintiff and others similarly situated unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(F)     Award Plaintiff and others similarly situated liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(G)     Award Plaintiff and others similarly situated liquidated damages pursuant to NYLL § 663;

(H)     Award Plaintiff and others similarly situated "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff and others similarly situated worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

(I)     Award Plaintiff and others similarly situated interest;

(J)     Award Plaintiff and others similarly situated the costs of this action together with reasonable attorneys' fees; and

(K)     Award such other and further relief as this Court deems necessary and proper.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ndrecaj v. 4 A Kids LLC, et al.,*
USDC, Southern District of New York

Complaint
Page 20

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and others similarly situated demand a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **27**th day of **January, 2017.**

ANDERSONDODSON, P.C.

_____
**Penn A. Dodson (2244)**
*penn@andersondodson.com*

ANDERSONDODSON, P.C.

_____
**Alexander L. Gastman (AG 8241)**
*alex@andersondodson.com*

Attorneys for Plaintiffs

11 Broadway, Suite 615
New York, NY  10004
212.961.7639 tel
646.998.8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Ndrecaj v. 4 A Kids LLC, et al.,*
USDC, Southern District of New York

Complaint
Page 21