

February 9, 2017

Hon. Alison J. Nathan
United States District Court
Southern District of New York
500 Pearl St.
New York, NY  10007

<u>Via ECF</u>

      Re:    *Ndrecaj v. 4 A Kids LLC et al*
             Case No. 1:17-cv-00639-AJN
             Motion to Not Dismiss

Your Honor:

On behalf of the plaintiff and putative class and/or collective on whose behalf this action was filed, we write to ask some unusual and immediate direction from the Court.

The above-referenced case is a state and federal wage and hour case filed against several related restaurant defendants.  Substantially similar allegations were made in two previous cases against substantially the same defendants:

- *Bouzzi et al v. F & J Pine Restaurant, LLC, et al*, 1:10-cv-00457-DLI-CLP (EDNY) [resulting in $1 million settlement on behalf of 17 workers, Dkt. 165]

- *Aguilar-Bolanos et al v. 4 A Kids LLC et al*, 1:15-cv-06668-ALC (SDNY) [dismissed pre-Answer, Dkt. 9, without court approval]

Very shortly after the instant action was filed, the named plaintiff (former server/bartender for the defendants) contacted the undersigned's firm mysteriously indicating that he wanted to "drop the case." He said he "just didn't want to go forward with it" for "personal reasons." Up to that point there had been no indications he had any reasons

not to pursue the case, nor that he was even so much as nervous about it. Oddly, he also indicated that he would be willing to pay for all fees accrued to date, which are not insubstantial given the preparatory work we have put into the case. He said that paying for the fees "wouldn't be a problem."

As the plaintiff's attorneys (and counsel to a putative similarly situated class) our duty is to protect these workers' interests, which in some circumstances can mean seeing past the words being spoken and into issues that are or may be "really going on" in an almost paternalistic sense. At the same time, however, under these circumstances, we feel it is our obligation to convey his stated wishes to the Court for the Court's consideration, especially since he is making his requests in a tone of urgency.

> Low wage employees, even when represented in the context of a pending lawsuit, often face extenuating economic and social circumstances and lack equal bargaining power; therefore, they are more susceptible to coercion or more likely to accept unreasonable, discounted settlement offers quickly. In recognition of this problem, the FLSA is distinct from all other employment statutes. [ ] The *Socias* court further noted that "although employees, through counsel, often voluntarily consent to dismissal of FLSA claims and, in some instances, are resistant to judicial review of settlement, **the purposes of FLSA require that it be applied even to those who would decline its protections**." *Id*. at 41

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 205 (2d Cir. 2015), citing Socias v. Vornado Realty L.P., 297 F.R.D. 38, 40 (E.D.N.Y.2014) (emphasis added).

> …the FLSA is a uniquely protective statute. The burdens described in Picerni must be balanced against the FLSA's primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees. [ ] As the cases described above illustrate, the need for such employee protections, even where the employees are represented by counsel, remains.

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d at 207.

To the extent that the plaintiff's request is to dismiss the case in its entirety, we ask that the court deny it.  No resolution has been approved by this Court.  *Cheeks*; *Lynn's Foods*. While *Cheeks* does not expressly apply to pre-answer dismissals, at a minimum the Court does have the authority and discretion, if not compulsion, to scrutinize dismissals in FLSA/NYLL cases especially where circumstances are suspicious.  Analogously, the Department of Labor takes the position that the holdings of *Cheeks* should be extended into other procedural contexts. (DOL Opinion Letter, *Sanchez et. al. v. Burgers and Cupcakes, LLC*, 1:16-cv-03862-VEC, Dkt. 43 filed 01/13/17) (accepted Rule 68 offers in

FLSA should be scrutinized in the same way private settlements must be scrutinized and approved).

Even if the plaintiff's request were viewed as a proposed dismissal, it should not be approved, pursuant to the rationales set forth in *Cheeks*. Taking the situation at face value, at a minimum, it would not be fair for the plaintiff himself to pay our fees when there is a substantial probability that the defendants would ultimately be liable for them. It would be contrary to the spirit and letter of the wage laws for the effect of an aggrieved worker filing a lawsuit were not only a lack of monetary vindication but in fact a net loss due to attorney fees being paid.

To the extent that plaintiff himself, as an individual, is requesting to withdraw from the case, we ask for the Court's impartial intervention. As his attorneys we believe he deserves the benefits of the laws that are designed to protect him and others like him – even over his own objections. See e.g. 29 C.F.R. § 778.316 (Agreements or practices in conflict with statutory requirements are ineffective). On the other hand, he has stated unambiguously that he "just doesn't want to do it anymore."

Regardless of the individual named plaintiff's stance, we ask that the case continue on behalf of the putative class and collective, so that if there are indeed other similarly situated individuals who have been aggrieved as alleged they may pursue their rights.

We ask that the Court issue an Order that would/will be served upon Defendants along with the summons and complaint that would
- address the named plaintiff's stance/status in the case and
- expedite the initial pretrial conference currently set for May 12, 2017

Thank you for your consideration of these matters.

Sincerely,

*[signature: Penn Dodson]*

Penn Dodson, Esq.
penn@andersondodson.com