UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB 2 8 2017

Rikardo Ndrecaj,

        Plaintiff,

          –v–

4 A Kids LLC, *et al.*,

        Defendants.

17-cv-00639 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On January 27, 2017, a complaint was filed under the Fair Labor Standards Act

("FLSA") and the New York Labor Law ("NYLL") in this case. Dkt No. 1. The sole named

plaintiff was Rikardo Ndrecaj, but he brought suit "in his individual capacity and on behalf of

others similarly situated." Before Defendants appeared or filed an answer, Plaintiff's counsel

submitted a letter stating that Mr. Ndrecaj had requested to withdraw from the case. Dkt No. 16.

The letter contended that, if the Court were to view Plaintiff's request as a proposed dismissal,

the Court should deny that request. The letter further sought an order "address[ing] the named

plaintiff's stance/status in the case" and an expedited initial pretrial conference. *Id.*

Because Plaintiff Ndrecaj seeks to withdraw before the defendants filed their answer and

before any class or collective certification, he does not need Court approval to withdraw from

this case. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) (authorizing dismissal of a case without Court

permission "before the opposing party serves either an answer or a motion for summary

judgment"); *Eckert v. Equitable Life Assurance Society of U.S.*, 227 F.R.D. 60, 62 (E.D.N.Y.

2005) ("[B]ecause [the named plaintiff's] acceptance of the settlement was only on behalf of his

1

claims rather than the certified class, [the named plaintiff] need not obtain the Court's permission prior to withdrawing from the action."). *Cf. Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring dismissals pursuant to subsection *(ii)* of Rule 41(a)(1)(A) to be approved by the Court). Accordingly, the Court deems Ndrecaj withdrawn as Plaintiff.

   With the only named plaintiff now withdrawn from the case, the Court must decide how to proceed. Courts "have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*" and must dismiss any case over which they lack subject matter jurisdiction. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006); Fed. R. Civ. P. 12(h)(3). "Article III of the Constitution bestows judicial power to a court [only] when an actual, live 'case' or 'controversy' exists between litigants." *Eckert*, 227 F.R.D. at 63 (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)). Because there is no plaintiff currently in this case, it appears that there is no live controversy between litigants, seemingly depriving the Court of jurisdiction.

   On the other hand, the Court recognizes that the "actual case or controversy" doctrine is somewhat more relaxed in the putative class or collective action context. *See Eckert*, 227 F.R.D. at 63. For example, courts have held that "an agreement to settle the claims of all named plaintiffs does not render a putative class action moot." *Turkmen v. Ashcroft*, No. 02–CV–2307 (JG), 2010 WL 3398965, at *3 (E.D.N.Y. June 30, 2010). That principle applies even when, as is true here, a certification motion has not yet been filed. *Id.*; *see also Eckert*, 227 F.R.D. at 63-64. The rationale underlying this rule is a concern that a defendant faced with a class action will "pick off" named plaintiffs by mooting their private individual claims through settlement. *Weiss v. Regal Collections*, 385 F.3d 337, 343 (3d Cir. 2004); *Eckert*, 227 F.R.D. at 62.

   In light of the foregoing authority, Plaintiff's counsel is hereby ordered to show cause in writing why this action should not be dismissed without prejudice for lack of subject matter

jurisdiction.  Counsel shall submit a filing of no more than ten pages double-spaced by March 8, 2017 addressing the Court's subject matter jurisdiction.

      SO ORDERED.

Dated: February ____, 2017
      New York, New York

_____
ALISON J. NATHAN
United States District Judge