AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**RIKARDO NDRECAJ,** in his individual capacity and on behalf of others similarly situated,

        Plaintiff,

v.

**4 A KIDS LLC**
  d/b/a Frankie & Johnny's Tavern
  a/k/a F&J Pine Restaurant
  a/k/a The Pine Restaurant
  a/k/a Frankie and Johnny's Pine
**PINE BAR & GRILL, LLC;**
**A & A RESTAURANT INC.**
  d/b/a Pine Bar & Grill;
**LITTLE TOR ROAD LLC;**
**PINE TAVERN PARKING CORP;**
**PINE TAVERN INC.;**
**F & J PINE RESTAURANT, LLC;**
**HUTCH METRO CAFÉ CORP**.
  d/b/a Metro Café;
**A&C PINE PROPERTIES, INC**
  d/b/a The Pine Restaurant of Queens;
**ANTHONY BASTONE,** an individual, and
**CHARLES "CHUCK" ROSE**, an individual,

        Defendants.

Case No.: 1:17-cv-00639-AJN

---

**PLAINTIFFS' RESPONSE TO
ORDER TO SHOW CAUSE**

## I.  PRELIMINARY STATEMENT

This action should not be dismissed for lack of subject matter jurisdiction for two primary reasons:

(1) As a putative Rule 23 class action "where a plaintiff has not yet had a reasonable opportunity to file a motion for class certification, namely, where there has been no 'undue delay,

the court retains subject matter jurisdiction despite the plaintiff's failure to move for class certification." *Eckert v. Equitable Life Assurance Society of U.S*, 227 F.R.D. 60, 63 (E.D.N.Y. 2005); see also *Clarkson v. Coughlin*, 783 F. Supp. 789, 795 (S.D.N.Y. 1992) ("Under the more `flexible' approach applied to class claims, the complaint itself is not rendered moot merely because the named plaintiff's claim is moot. From the time a class action is filed until the time a final determination pursuant to Rule 23 is made, the action is treated as if the class existed for purposes of mootness. This provides unnamed members of the plaintiff class an opportunity to intervene in the action and to pursue their claims.")

 and

(2) As a wage and hour action, due to the fact that "the FLSA is a uniquely protective statute" and "the purposes of FLSA require that it be applied even to those who would decline its protections" (*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015)) a Rule 41(a)(1)(A)(i) dismissal of the entire case, even one "without prejudice" to the individual named Plaintiff, would be improper at this juncture because (a) it would not be "without prejudice" to others in the putative collective and (b) Defendants would be unjustly enriched and/or the requirements of the FLSA would be contravened absent continued prosecution of the alleged wrongdoings.

## II. BACKGROUND

This is a state and federal wage and hour case filed against several related restaurant defendants.

*Ndrecaj v. 4 A Kids LLC, et al.*
Case No. 1:17-cv-00639-AJN

Plaintiff's Show Cause

Page 2

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

Substantially similar allegations were made in two previous cases against substantially the same defendants:

- *Bouzzi et al v. F & J Pine Restaurant, LLC, et al*, 1:10-cv-00457-DLI-CLP (EDNY) [resulting in $1 million settlement on behalf of 17 workers, Dkt. 165]

- *Aguilar-Bolanos et al v. 4 A Kids LLC et al*, 1:15-cv-06668-ALC (SDNY) [dismissed pre-Answer, Dkt. 9, without court approval]

Very shortly after the instant action was publicly filed, the named Plaintiff (a former server/bartender for the defendants) contacted his counsel's firm indicating that he wanted to "drop the case." He said he "just didn't want to go forward with it" for "personal reasons." Up to that point there had been no indications he had any reasons not to pursue the case, nor that he was even so much as nervous about it. During that contact, he also indicated that he would be willing to pay for all fees accrued to date, which are not insubstantial given the preparatory work we have put into the case. He said that paying for the fees "wouldn't be a problem." Otherwise, he declined to elaborate on his rationales for this change of heart.

### III. ARGUMENT

**A. <u>Nothing in Rule 41 Requires Dismissal.</u>**

In general, Rule 41 specifies when and how plaintiffs wanting to exit cases after having filed them may do so. First, if an adverse party has not yet filed an Answer, a plaintiff has permission to (i.e. "may") voluntarily dismiss the action. Fed.R.Civ.P. 41(a)(1)(A)(i). Second, after the adverse party has filed an answer, the parties may all stipulate to and receive dismissal. Fed.R.Civ.P. 41(a)(1)(A)(ii). Finally, where the adverse party has responded but will not sign a stipulation to dismissal, a plaintiff may seek a Court Order to dismiss the action, and the court may so order if it deems fit to do so. Fed.R.Civ.P. 41(a)(2). Importantly, all of the Rule 41 language is

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

permissive, not required; it is about what plaintiffs are permitted to do, not what the courts must do.

The thrust of the rule is to prevent situations of plaintiffs filing lawsuits, causing unwarranted or undue burdens to defendants and then dismissing with impunity. There are situations in which courts will require plaintiffs to remain in the litigation they started. That is not the situation presented here.

Thus, the next question is that even if this Plaintiff were to be dismissed, would that mean no "case or controversy" remains in this action?

### B. "Case or Controversy" General Principles

> Article III of the Constitution bestows judicial power to a court when an actual, live "case" or "controversy" exists between litigants. *See Allen v. Wright,* 468 U.S. 737, 750, 82 L. Ed. 2d 556, 104 S. Ct. 3315 (1984). Generally speaking, when a case becomes moot, that is, it no longer satisfies the case or controversy requisite, a federal court loses subject matter jurisdiction over the action and must dismiss the case. *See Russman v. Bd. of Ed. of the Enlarged School Dist. of the City of Watervliet,* 260 F.3d 114, 118 (2d Cir. 2001); *Comer v. Cisneros,* 37 F.3d 775, 798 (2d Cir. 1994) ("a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (internal quotation and citation omitted)).

*Eckert v. Equitable Life Assurance Society of U.S*, 227 F.R.D. 60, 63 (E.D.N.Y. 2005)

In general, there are two situations that are contrasted with the existence of a live case or controversy. First, there is no "case or controversy" where it is merely the case that an advisory opinion is being sought. Second, there is no "case or controversy" where the plaintiffs lack standing to sue.

Here, there is nothing hypothetical or advisory about the nature of the remedies being sought. As to the latter, "Three elements comprise the 'irreducible constitutional minimum' of Article III standing: (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable

*Ndrecaj v. 4 A Kids LLC, et al.*  
Case No. 1:17-cv-00639-AJN

Plaintiff's Show Cause

Page 4

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

permissive, not required; it is about what plaintiffs are permitted to do, not what the courts must do.

The thrust of the rule is to prevent situations of plaintiffs filing lawsuits, causing unwarranted or undue burdens to defendants and then dismissing with impunity. There are situations in which courts will require plaintiffs to remain in the litigation they started. That is not the situation presented here.

Thus, the next question is that even if this Plaintiff were to be dismissed, would that mean no "case or controversy" remains in this action?

### B. "Case or Controversy" General Principles

> Article III of the Constitution bestows judicial power to a court when an actual, live "case" or "controversy" exists between litigants. *See Allen v. Wright,* 468 U.S. 737, 750, 82 L. Ed. 2d 556, 104 S. Ct. 3315 (1984). Generally speaking, when a case becomes moot, that is, it no longer satisfies the case or controversy requisite, a federal court loses subject matter jurisdiction over the action and must dismiss the case. *See Russman v. Bd. of Ed. of the Enlarged School Dist. of the City of Watervliet,* 260 F.3d 114, 118 (2d Cir. 2001); *Comer v. Cisneros,* 37 F.3d 775, 798 (2d Cir. 1994) ("a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (internal quotation and citation omitted)).

*Eckert v. Equitable Life Assurance Society of U.S*, 227 F.R.D. 60, 63 (E.D.N.Y. 2005)

In general, there are two situations that are contrasted with the existence of a live case or controversy. First, there is no "case or controversy" where it is merely the case that an advisory opinion is being sought. Second, there is no "case or controversy" where the plaintiffs lack standing to sue.

Here, there is nothing hypothetical or advisory about the nature of the remedies being sought. As to the latter, "Three elements comprise the 'irreducible constitutional minimum' of Article III standing: (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

decision," *Montesa v. Schwartz*, Docket No. 14-3721-cv (2d Cir. Sep. 12, 2016) (internal Supreme Court citations omitted).  Again, assuming the allegations in the Complaint to be true as alleged, all of these elements are met.  The only real question remaining here is, what are the identities of the "plaintiffs"?

As described below, regardless of whether the individual plaintiff himself remains a litigant in this case, there remains a plaintiff party to pursue the action – namely, the putative class.   This is because this action was filed on behalf of a putative Rule 23 class of similarly affected workers and because of the law's unique relationship with wage and hour cases in particular.

### C. Putative Class Actions Relate Back Even Where Individuals' Claims Have Been Mooted – And This One Hasn't Been Mooted.

As set forth in *Eckert v. Equitable Life Assurance Society of U.S*, 227 F.R.D. 60, 63 (E.D.N.Y. 2005) (internal citations omitted):

> Generally, if the claims of a named plaintiff are resolved before the court certifies a class, the entire action is mooted. [] However, class certification acts as a lifeboat for a claim that would otherwise be moot due to the resolution of the named plaintiff's claims. []("[I]t appears to be settled that once a class has been certified, mooting a class representative's claim does not moot the entire action because the class acquire[s] a legal status separate from the interest asserted by the named plaintiff." (internal citations and quotation omitted))….

Here, the claims of the named plaintiff have not been "resolved" or mooted.  His claim has, for example, not been extinguished due to full and complete compensation under an accepted Rule 68 offer or the like.  As far as anything on the record suggests, whether or not he himself his willing to pursue it, the *claim* itself is still alive and well.  Even if Plaintiff Ndrecaj's individual claims were to be dismissed due to his apparent unwillingness to pursue them at this time (for whatever his personal reasons may be), that does not abnegate the employer's responsibility to have paid

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

him correctly. In a sense, he is exactly the kind of person the class action mechanism was designed to protect.

Generally, the only major exception to a class case surviving where the individual named plaintiffs' claims have been mooted is one in which the plaintiffs have unduly delayed filing their class certification motion:

> Although many of the cases applying the "relation back" doctrine have done so after a motion to certify the class has previously been filed, [], in situations where a plaintiff has not yet had a reasonable opportunity to file a motion for class certification, namely, where there has been no "undue delay," the court retains subject matter jurisdiction despite the plaintiff's failure to move for class certification….
>
> Turning to the instant case, in the Court's view, prior to accepting the settlement, [plaintiff] did not have a realistic and reasonable opportunity to move for class certification. First, [plaintiff] was under no obligation to have filed the motion for class certification prior to … the day he accepted the settlement, because the federal rules do not require certification motions to be filed with the class complaint, nor do they require or encourage premature certification determinations. [ ]

*Id*. at 63-64. In this case, there can be no argument that a motion for class certification should have been filed yet, given that this case is in the early stages. Thus, because this action was filed as a putative class action, a case and controversy continues to exist. Further, the fact that this is not just a class action but a wage and hour case makes it especially important to press forward.

### D. **FLSA/NYLL Cases Warrant Judicial Oversight**

The FLSA is a paternalistic law. In many ways, its strictures are not concerned with what the workers want or say they want – its aim is to hold the employers to its mandates. As *Cheeks*, quoting a district court case, phrased it, "…the FLSA is distinct from all other employment statutes." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 205-6 (2d Cir. 2015). In fact, "the purposes of FLSA require that it be applied even to those who would decline its protections." *Id*; see also 29 C.F.R. § 778.316 (Agreements or practices in conflict with statutory requirements

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

are ineffective).

Here, the named plaintiff's actions are, in essence, an attempt to decline the FLSA's protections - - even so, the law says that the requirements of the FLSA persist.

The Second Circuit went on to note that,

> "[T]hese provisions were designed to remedy the evil of overwork by ensuring workers were adequately compensated for long hours, as well as by applying financial pressure on employers to reduce overtime." *Chao v. Gotham Registry, Inc.,* 514 F.3d 280, 285 (2d Cir.2008) (internal quotation marks omitted). Thus, "[i]n service of the statute's remedial and humanitarian goals, the Supreme Court consistently has interpreted the Act liberally and afforded its protections exceptionally broad coverage." *Id.* at 285.

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). After developing this background, ultimately the *Cheeks* court, of course, went on to decide that judicial approval of post-Answer settlements required judicial approval.

A subsequent district court, noting that *Cheeks* only technically pertained to a Rule 41(a)(1)(A)(ii) dismissals, and relying on the extensive background set forth in *Cheeks*, extended its holding to a situation of a Rule 41(a)(1)(A)(i) dismissal with prejudice. *Martinez v. Ivy League Sch., Inc.*, 15-CV-7238(DRH)(GRB) (E.D.N.Y. Jun. 28, 2016). In that case, the parties filed a proposed voluntary dismissal pre-Answer, but the court, based on *Cheeks*, insisted on reviewing the terms of the settlement before permitting dismissal. "It seems to this Court that the reasoning in *Cheeks* applies with equal force to the dismissal of an FLSA action with prejudice pursuant to Rule 41(a)(1)(A)(i)." *Martinez v. Ivy League Sch., Inc.*, 15-CV-7238(DRH)(GRB) (E.D.N.Y. Jun. 28, 2016). Analogously, the Department of Labor takes the position that the holdings of *Cheeks* should be extended into other procedural contexts. See DOL Opinion Letter, *Sanchez et. al. v. Burgers and Cupcakes, LLC*, 1:16-cv-03862-VEC, Dkt. 43 filed 01/13/17 (accepted Rule 68 offers in FLSA should be scrutinized in the same way private settlements must be scrutinized and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

approved). Here, to the extent this Court were to construe the instant situation as one in which the individual plaintiff is requesting a Rule 41(a)(1)(A)(i) dismissal without prejudice, the same *Cheeks* policy rationales should be explored and upheld.

### E. This Case, These Defendants

Including this action, this is the third time in the past few years that these Defendants have been sued for wage and hour violations in federal court in putative class and collective actions. *Aguilar-Bolanos et al v. 4 A Kids LLC et al* 1:15-cv-06668-ALC (S.D.N.Y.); *Bouzzi et al v. F&J Pine Restaurant, LLC* et al 1:10-cv-00457-DLI-CLP (E.D.N.Y.). However, in each prior suit they have escaped class certification through settlement. In *Aguilar-Bolanos*, a 2015 S.D.N.Y. action and Defendants' most recent case, a (pre-answer) dismissal was entered about three months after the Second Circuit decided *Cheeks*, and unlike *Martinez*, was accepted without review. Thus, in some sense the instant case also relates to that case that was arguably never fully extinguished since no court or DOL approval was ever sought or given.

Further, and focusing on the paternalistic and unique aspects of the FLSA and NYLL, the instant action presents an opportunity to hold Defendants responsible for their actions to all affected class members, not simply those who come forward and then settle or otherwise seek pre-certification dismissal. Ultimately, the goal is to litigate the merits of the putative class's claims to the extent necessary to once and for all provide relief to all of those individuals covered and protected by the law, including the named plaintiff, as intended by the wage laws.

The laws are designed to protect the Plaintiff and others like him – even over their own objections. should continue on behalf of the putative class and collective, so that other similarly situated individuals who may have been aggrieved as alleged may pursue their rights.

*Ndrecaj v. 4 A Kids LLC, et al.*  Plaintiff's Show Cause
Case No. 1:17-cv-00639-AJN

Page 8

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

### IV. NEXT STEPS: HOW TO MOVE THE CASE FORWARD

Rule 4(m) provides 90 days in which to serve a complaint. Should the Court permit this case to move forward, we ask for 60 days from the date of this Court's Order to serve the Complaint and Summons in this action. We ask that the Initial Conference be scheduled for as soon as practicable thereafter.

After the Defendants answer, Plaintiffs intend to request that they stipulate to conditional certification. In the alternative, Plaintiffs will so move as soon as practicable thereafter. To the extent that limited discovery becomes necessary to supplement information provided by Defendants in their mandatory initial disclosures, Plaintiffs will seek it.

### V. CONCLUSION

For all the foregoing reasons, this putative class and collective wage and hour case should not be dismissed and Plaintiffs should be given 60 days from the date of the Court's order on this issue to serve the Complaint.

Respectfully submitted, this **8th** day of **March, 2017.**

ANDERSONDODSON, P.C.

*/s/ Penn Dodson/*

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*
Attorney for Plaintiffs

11 Broadway, Suite 615
New York, NY  10004
212.961.7639 tel
646.998.8051 fax

ANDERSONDODSON, P.C.

*/s/ Alex Gastman/*

**Alexander L. Gastman (AG 8241)**
*alex@andersondodson.com*
Attorney for Plaintiffs

*Ndrecaj v. 4 A Kids LLC, et al.*
Case No. 1:17-cv-00639-AJN

Plaintiff's Show Cause

Page 9

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com