UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
RIKARDO NDRECAJ                                  :
                                                       Case No. 17 CV 00639 (AJN)
                Plaintiff     :

  -against-                                     :

                                               :
4 A KIDS, LLC, et al.,
                                               :
                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT A & C PINE PROPERTIES, INC.'S OPPOSITION TO PLAINTIFF'S COUNSEL ANDERSON DODSON, P.C.'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

**AKERMAN, LLP**
ATTORNEYS FOR A & C PINE PROPERTIES, INC.
666 FIFTH AVENUE, 20TH FLOOR
NEW YORK, NEW YORK 10103
**PHONE**: (212) 259-6430
**FAX**:   (212) 905-6404

{41394393;1}

**PRELIMINARY STATEMENT**

Even though plaintiff Rikardo Ndrecaj ("Plaintiff") voluntarily discontinued his wage and hour collective and class action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against defendants, including defendant A & C Pine Properties, Inc. ("A&C"), 13 days after filing it, Plaintiff's counsel, Anderson Dodson, P.C., has nonetheless sought to push this action forward on its own. After Plaintiff's counsel failed in its strange attempt to prevent Plaintiff from being freed from this action, Plaintiff's counsel now argues that this Court should retain subject matter jurisdiction over the class and collective action portion of Plaintiff's action, even though counsel has no client and no named plaintiff. While dismissal of the named plaintiff and the lack of a live controversy generally moots a pre-certified class and collective action, Plaintiff argues that an exception to the general rule is applicable simply when the named plaintiff did not delay in moving for certification.

However, Plaintiff's counsel's interpretation of the applicable exception, as well as counsel's basic understanding of collective and class actions as they relate to jurisdiction, is entirely superficial and legally flawed. Contrary to Plaintiff's counsel's position, there is nothing to support the conclusion that this Court can retain subject matter jurisdiction over the pre-certified collective and class actions under the FLSA and NYLL, respectfully, when there is no named plaintiff (due to his own voluntarily dismissal), intervenor, or even any putative class member for that matter who has expressed an interest in intervening or opting-in. If this Court retained jurisdiction over the class and collective action without any such type of individual, it would lead to an absurd and illogical result wherein any time a named plaintiff voluntarily withdrew, mutually settled, or accepted a Rule 68 offer of judgment prior to class/collective certification, it would allow a plaintiff's firm to step into the shoes of the named plaintiff and

pursue the class/collective actions on its own behalf. Stated simply, Plaintiff's counsel cannot be the plaintiff in this action.

Accordingly, for the reasons discussed below, this Court should not retain subject matter jurisdiction over the collective and class actions in this lawsuit.

## **PROCEDURAL BACKGROUND**

After Plaintiff filed this action on January 27, 2017, Plaintiff apparently sought to voluntarily withdraw his complaint 13 days later, prior to defendants even being served. Instead of complying with Plaintiff's request, Plaintiff's counsel made a motion dated February 9, 2017, requesting an order to keep Plaintiff in a case he did not want to be in under the guise that the principals set forth in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) somehow justified eliminating a plaintiff's right to even unilaterally dismiss, without prejudice, on his own volition, under Rule 41(a)(1)(A)(i). See Plaintiff's counsel's application dated February 9, 2017, Docket ("Dkt") no. 16.

By Order dated February 28, 2017, this Court affirmed Plaintiff's voluntarily dismissal pursuant to Rule 41(a)(1)(A)(i), but raised the question whether this Court could retain subject matter jurisdiction over the action because it was pled as a class and collective action. Specifically, this Court pointed out that while the dismissal of Plaintiff's claims left the Court without a "live controversy between litigants," the case or controversy doctrine may be "somewhat more relaxed in the putative class or collective action context," even where a certification motion has yet to be made. Order dated February 28, 2017, Dkt. no. 17. Accordingly, this Court allowed Plaintiff's counsel to show why this Court should retain subject matter jurisdiction over this action, despite the fact that that there is no plaintiff.

On March 8, 2017, Plaintiff's counsel filed its memorandum of law wherein counsel argued that this Court should retain subject matter jurisdiction because a class and collective action can proceed without a named plaintiff when the departing named plaintiff did not have a reasonable time to file for class certification. See Plaintiff's Response to Order to Show Cause ("Pl. Memo.") at 1-2.  Plaintiff then larded-up that argument by reflexively referring to the principals of Checks under the misguided belief that Cheeks also apparently extends to and has the power to confer subject matter jurisdiction over a case without a named plaintiff, which it does not.[1]  See id.  As discussed below, Plaintiff's counsel's arguments are flawed for several reasons and should be rejected by this Court.

## LEGAL ARGUMENT

### THIS COURT HAS NO BASIS TO RETAIN SUBJECT MATTER JURISDICTION OF THE FLSA COLLECTIVE ACTION AND NYLL CLASS ACTION GIVEN THE LACK OF A NAMED PLAINTIFF OR INTERVENOR

Article III, Section 2 of the United States Constitution vests this Court with subject matter jurisdiction that is limited to "Cases and Controversies, which restricts the authority of the federal courts to resolving the legal rights of litigants in actual controversies." New York Bankers Assoc., Inc. v. City of New York, No. 13 CV 7212, 2914 WL 4435427, *8 (S.D.N.Y. Sept. 9, 2014)(internal quotations excluded)(quoting Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528 (2013)); see Evans v. Lynn, 537 F.2d 571, 591 (2d Cir. 1975) ("The hallmark of a case or controversy is the presence of adverse interests between parties who have a substantial personal stake in the outcome of the litigation.").  Even though one half of that equation, *i.e.*, the named plaintiff, is no longer a litigant in this case and, therefore, no live controversy exists to resolve, Plaintiff's counsel,

---

[1] Plaintiff's counsel's argument on Cheeks actually goes off the deep end wherein counsel contends that even if the case was dismissed without prejudice to the named plaintiff, the dismissal of the entire case "would be improper at this juncture because (a) it would *not* be without prejudice to the others in the putative collective…" Pl. Memo at 2 (emphasis added).  That contention makes absolutely no sense and is just wrong. The class and collective claims would not be dismissed with prejudice.

nonetheless, maintains that this Court may retain subject matter jurisdiction over the collective and class actions because, even though Plaintiff had yet to file a motion for class and collective conditional certification, there was no "undue delay" in failing to file.  Pl. Memo at 4-6.  Plaintiff's counsel believes that this is all that needs to be established to retain jurisdiction.  However, Plaintiff's counsel's understanding of class and collective actions and what it takes to retain subject matter jurisdiction over them is woefully superficial and fundamentally flawed.

To begin with, Plaintiff's counsel completely confuses the difference between his collective actions from his class actions, and which wage and hour laws fall within each. Plaintiff continually refers to only retaining jurisdiction over the Rule 23 class, but at other times refers to the class and collective action interchangeably, failing to recognize the difference between the two, particularly when it comes to the issue of jurisdiction.  See generally, Pl. Memo.  Yet, they are both very different.

On the one hand, the FLSA, by its very terms, *does not* permit a class action under Rule 23, but instead only allows a plaintiff to file a collective action on behalf of himself and other employees similarly situated, wherein, if conditionally certified, unnamed plaintiffs may elect to conditionally opt-in. See 29 U.S.C. § 216(b). On the other hand, a Rule 23 class action may be commenced for supplemental claims under the NYLL, which, if certified, would result in an opt-out type of class construct. See Schear v. Food Scope America, Inc., 297 F.R.D. 113, 123 (S.D.N.Y. 2014)(applying Rule 23 to plaintiff's NYLL claim only).  The differences between an FLSA collective action and Rule 23 NYLL class action, when it comes to the issue of mootness and subject matter jurisdiction, are stark and well-settled.

In Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523 (2013), the U.S. Supreme Court went to great lengths to emphasize that "Rule 23 actions are fundamentally different from collective actions under the FLSA." Id. at 1529.  The Court explained that, unlike FLSA collective actions, "a putative class acquires an independent legal status once it is certified under Rule 23," whereas

"[u]nder the FLSA, by contrast, 'conditional certification' does not produce a class with an independent legal status, or join additional parties to the action," but instead simply results in "the sending of court-approved written notice to employees" to allow them to opt-in. Id. at 1530. While the FLSA authorizes an aggrieved employee to bring an action on behalf of himself and other employees similarly situated under 29 U.S.C. § 216(b), the Court found that "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." Id. at 1530.[2]

Here, Plaintiff voluntarily discontinued his action, which included his FLSA claims. Therefore, Plaintiff's counsel has no client, which counsel apparently fails to realize, and there is no named plaintiff with a live controversy to pursue this action. Without a plaintiff who has a live FLSA claim and standing to sue, there can be no remaining subject matter jurisdiction over the FLSA collective action, regardless of the "presence of collective-action allegations in the complaint."[3] Plaintiff's counsel has not cited a single case that holds to the contrary.

To find otherwise would lead to the arbitrary conclusion that every FLSA action that was resolved by voluntary dismissal, mutual settlement, or an accepted Rule 68 offer of judgment would remain judicially live for a plaintiff's counsel to step into the named plaintiff's shoes and continue with the collective action itself. See Hamoudeh v. Unitedhealth Group Inc., No. 16 CV 790, 2016 WL 2894870, *1 (E.D.N.Y. May, 17, 2016)("Plaintiffs may only move for certification [of an FLSA collective action] on behalf of similarly situated parties if they have standing to bring this lawsuit"). If Plaintiff's counsel's position was taken to its absurd extreme, it would raise the question: who is

---

[2] While this Court noted in its Order dated February 28, 2017 that the case or controversy doctrine is "somewhat more relaxed in the putative class or collective action context," that is not the case with FLSA collective actions.

[3] The Court in Genesis Healthcare Corp. expressly distinguished and rejected the circumstances that may allow a court to retain jurisdiction over a class action (when the named plaintiff's claim was mooted) as applicable to a collective action. In particular, the Court rejected the application of the relation back doctrine to a collective action. That doctrine is used, as discussed later in this memorandum, in Rule 23 class actions to allow a court to retain subject matter jurisdiction over the Rule 23 class action when the named plaintiff's individual claim has been mooted. See Genesis Healthcare Corp., 133 St. Ct. at 1530-32.

counsel acting on behalf of in the action? Who would counsel be seeking conditional certification on behalf of without a client? Without a named plaintiff, whose allegations would serve as the starting predicate for determining which similarly situated employees to target for opt-in notices?[4]

Accordingly, with Plaintiff's FLSA action voluntarily discontinued and the collective action moot, the only remaining question is whether Plaintiff's NYLL class action under Rule 23 is judicable. The simple answer to that question is this Court should not even entertain it and, instead, should decline to exercise supplemental jurisdiction over the NYLL claim, to the extent there even is a conceivable judicable claim, which there is not. See 28 U.S.C. § 1367(c)(3)(district court "may decline to exercise supplemental jurisdiction" over related state law claims if the court "has dismissed all claims over which it has original jurisdiction"); Oneida Indian Nation of New York v. Madison County, 665 F.3d 408, 437 (2d Cir. 2011) ("if a plaintiff's federal claims are dismissed before trial, the state law claims should be dismissed as well"). However, even if this Court exercised supplemental jurisdiction over the NYLL Rule 23 class action, there is still no basis to retain subject matter jurisdiction over it.

As a general rule, it is well settled that "if the claims of the named plaintiffs become moot prior to class certification [under Rule 23], the entire action becomes moot." Comer v. Cisneros, 37 F.3d 775, 798 (2d. Cir. 1994). Plaintiff's counsel maintains, however, that an exception to the general rule, commonly referred to as the relation back doctrine, applies to this case. Pl. Memo at 5-6. In relying on Eckert v. Equitable Life Assurance Society of U.S. 227 F.R.D. 60 (E.D.N.Y. 2005), Plaintiff's counsel argues that, under the relation back doctrine, even when a named plaintiff's claims are mooted prior to class certification, a court may retain subject matter jurisdiction over the class as long as the named "plaintiffs have [not] unduly delayed filing their class certification motion," which

---

[4] These same questions would be applicable to Rule 23 class certification, which is more rigorous than conditional collective certification.

{41394393;1} 6

Plaintiff's counsel maintains Plaintiff did not do.  Pl. Memo at 5 to 6.  Plaintiff's counsel's application of Eckert is overly simplistic and wrong.

Eckert specifically noted that the relation back doctrine could be extended to "situations where a plaintiff has not had a reasonable opportunity to file a motion for class certification, namely where there has been no undue delay," which could allow a court to "retain[] subject matter jurisdiction despite the plaintiff's failure to move for class certification."[5]  Importantly, however, the three cases Eckert relies on – Weiss v. Regal Collections, 385 F.3d 337 (3d Cir. 2004), Nasca v. GC Services Ltd. Partnership, No. 01 CV. 10127(DLC), 2002 WL 31040647, *2-4 (S.D.N.Y. Sept. 12, 2002), and Schaake v. Risk Management Alternatives, Inc., 203 F.R.D. 108 (S.D.N.Y. 2001) – point to one particular "*situation*" (which this Court generally recognized in its Order dated February 28, 2017), namely, a defendant using a Rule 68 offer of judgments to "pick off" the named plaintiff prior to class certification in order to thwart a Rule 23 class action.  In those three cases, the courts found that the relation back doctrine applied to, and the named plaintiff could seek class certification, when (a) a defendant attempts to moot a class action by a Rule 68 offer of judgment, *over the named plaintiff's objection to the offer*, where no motion for class certification had been made, *and* (b) the named plaintiff did not delay in moving for class certification.[6]  See Weiss, 385 F.3d at 347-48; Nasca, 2002 WL 31040647, at *2-4; Schaake, 203 F.R.D. at 109-112.

---

[5] The idea that the relation back could be applied when the named plaintiff did not delay in filing for class certification comes from Rule 23, which expressly requires a named plaintiff to "move for class certification as soon as is practicable." Rule 23; see Ambalu v. Rosenblatt, 194 F.R.D. 451 (E.D.N.Y. 2000)(dismissing case as moot following pre-class certification Rule 68 offer of judgment in FDCPA case where named plaintiff delayed over a year and half without moving for certification).  But delay is not the only thing that must be shown, as the case law demonstrates.

Moreover, this is not the most common use of the relation back doctrine, which Eckert acknowledges.  The relation back doctrine generally comes into play when "the claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." Comer, 37 F.3d at 798-80 (relating back due to transitory nature of the public housing market in housing discrimination class action).  This common use is not applicable here.

[6] The use of a Rule 68 offer to "pick off" a named plaintiff is less of an issue in light of the U.S. Supreme Court's recent decision in Campbell-Ewald Co. v. Gomez, 136 S.Ct. 663 2016), which held that a rejected Rule 68 generally cannot moot a case, even if it offers complete relief.  The application of this "picking off" concept to a mutual settlement or accepted Rule 68 offer has less legal support.  See Bank v. Alliance Health Networks, LLC, No. 15 CV 4037, 2016 WL 6128043 (2d. Cir. Oct. 20, 2016)(finding that an accepted offer of judgment under Rule

In this case, however, that situation does not exist. Plaintiff voluntarily discontinued his action, expressly indicating his intention to no longer be a party to it. This case does not involve a situation where A&C or another defendant tried to use a Rule 68 offer to pick off Plaintiff, who objected to the offer and wanted to continue the action.  Therefore, it is irrelevant whether or not Plaintiff had a reasonable time to move for class certification and delayed in doing so.  Plaintiff was not looking to file for class certification when the time became ripe only to have the rug pulled out from under him.  On the contrary, by voluntarily withdrawing less than two weeks after filing his complaint, Plaintiff essentially "picked" himself "off" and chose not to pursue his claims.

While <u>Eckert</u> applied the "picking off" concept of the relation back doctrine where the named plaintiff voluntarily settled his case (as opposed to having it mooted by a rejected Rule 68 offer of judgment), the Court did so only while simultaneously allowing a member of the putative class to intervene as the named plaintiff and pick up where the plaintiff left off. <u>See</u> <u>Eckert</u>, 227 F.R.D. at 64. That circumstance also does not exist in this case. This is not a case where the parties mutually settled the named plaintiff's claims and a member of the putative class is seeking to intervene. Rather, this is a case where there is no longer any plaintiff whatsoever – there is just a plaintiff's law firm.  In fact, unlike this case, <u>Eckert</u> and the three cases it relies on all had either a named plaintiff who remained in the case, or an intervener who joined the case, which seems to be lost on Plaintiff's counsel, who is essentially proceeding with this case on its own.[7]

Even more to the point, particularly as it relates to the facts in <u>Eckert</u>, the simple act of a named plaintiff voluntarily settling his individual claims (whether by private settlement agreement or a Rule 68 offer) *does not* give rise to a court retaining subject matter jurisdiction over the Rule 23

---

68 in a TCPA action rendered plaintiff's claim and the class action moot); <u>Weiss</u> 385 F.3d at 348-49 (court confirmed that its holding did not apply to named plaintiffs who voluntarily entered in individual settlement agreements because "they no longer had judicable claims").

[7] The same goes for another case this Court cited in its Order dated February 28, 2017 – <u>Turkmen v. Askcroft</u>, No. 02 CV 2307, 2010 WL 3398965, at *3 (E.D.N.Y. June 30, 2010) – where that court granted an intervenor's motion to join the class after the named plaintiffs settled their individual claims.

class action, which is something the Second Circuit recently found in Bank v. Alliance Health Networks, LLC, No. 15 CV 4037, 2016 WL 6128043, at *1-2 (2d. Cir. Mar. 9, 2016). There, the Court held that an *accepted* Rule 68 offer of judgment in a TCPA claim rendered the plaintiff's individual and class claim moot because plaintiff "was the sole individual representative for the putative class, [and] once his claim was no longer live, no plaintiff remained in a position to pursue the class claims."[8] Id. at *1.

Lastly, Plaintiff's insistence on applying Cheeks to the question of subject matter jurisdiction as it relates to class actions is completely off the mark. Cheeks involved whether a plaintiff could settle and dismiss his FLSA claims with prejudice and without court approval. See 796 F.3d 199 ("absent [court] approval, parties cannot settle their FLSA claims through private stipulated dismissal with prejudice pursuant to [Rule] 41(a)(1)(A)(ii)"). It had nothing to do with the question of whether a case or controversy existed for the purpose of Article III subject matter jurisdiction. Plaintiff has certainly cited no case otherwise. But, more importantly, Cheeks *only* applies to the settlement of FLSA claims, not NYLL claims; yet, it is only NYLL law claims that may brought as a class action under Rule 23. Therefore, Cheeks is clearly not applicable to the Rule 23 class under the NYLL or to this order to show cause.

## CONCLUSION

For the foregoing reasons, this Court should decline subject matter jurisdiction over the class and collective action portions of this lawsuit, dismiss the action in its entirety, without prejudice, and award such other and further relief deemed equitable and just.

---

[8] While the Second Circuit in Bank refers to the Rule 68 as "negotiated," the Court recently confirmed in Radha Feisemann, M.D., P.C. v. ZocDoc Inc., No. 14 CV 3708, 2017 WL 929165 (2d Cir. Mar. 9, 2017) that Bank involved "an *accepted* [Rule 68] offer" which "rendered the plaintiff's claim moot." 2017 WL 929165 at *5. (emphasis in original.)

Dated:     New York, New York
           April 7, 2017

                                         AKERMAN, LLP

                                         By:  /s/ Bran Noonan
                                            Bran Noonan, Esq.
                                            Vince Avery, Esq.
                                       Attorneys for Defendant
                                       *A & C Pine Properties, Inc.*
                                       666 Fifth Avenue, 20th Floor
                                       New York, New York 10103
                                       (p) 212-259-6430