UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 2 8 2017
```

Rikardo Ndrecaj,

            Plaintiff,

    –v–

4 A Kids LLC, *et al.*,

            Defendants.

17-cv-00639 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    On January 27, 2017, a complaint was filed under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") in this case. Dkt No. 1. The sole named plaintiff was Rikardo Ndrecaj, but he brought suit "in his individual capacity and on behalf of others similarly situated." *Id.* Before Defendants were served, Plaintiff's counsel submitted a letter stating that Mr. Ndrecaj had requested to withdraw from the case. Dkt No. 16. Mr. Ndrecaj apparently told his counsel that he wanted to "drop the case" and "just didn't want to go forward with it," but that he would pay all of the fees that had accrued. *Id.* at 1-2. The letter from Plaintiff's counsel contended that, if the Court were to view Plaintiff's request as a proposed dismissal, the Court should deny that request. *Id.* at 2. The letter further sought an order "address[ing] the named plaintiff's stance/status in the case" and an expedited initial pretrial conference. *Id.* at 3.

    On February 28, 2017, the Court issued an order to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Dkt No. 17. The Court noted that, because Mr. Ndrecaj sought to withdraw before the defendants filed their answer and before any class or

1

collective certification, he did not need Court approval to withdraw. *Id.* at 1-2; Fed. R. Civ. P. 41(a)(1)(A)(i) (authorizing dismissal of a case without Court permission "before the opposing party serves either an answer or a motion for summary judgment"); *Eckert v. Equitable Life Assurance Society*, 227 F.R.D. 60, 62 (E.D.N.Y. 2005) ("[B]ecause [the named plaintiff's] acceptance of the settlement was only on behalf of his claims rather than the certified class, [the named plaintiff] need not obtain the Court's permission prior to withdrawing from the action."). *Compare Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring dismissals pursuant to subsection *(ii)* of Rule 41(a)(1)(A) to be approved by the Court). The Court therefore "deem[ed] Ndrecaj withdrawn as Plaintiff." Dkt No. 17 at 2. The Court also ordered briefing on the question of whether the Court continued to have subject matter over the case given that the only named plaintiff had withdrawn. *Id.* at 2-3. On March 8, 2017, Plaintiff's counsel submitted a response arguing that the Court should continue to assert jurisdiction over this case. Dkt No. 18.

On March 17, 2017, the Court received a letter from counsel for Defendant A & C Pine Properties (A&C). Dkt No. 19. Although A&C has not yet been served, the company is aware of this litigation and sought leave to file an opposition to Plaintiff's counsel response to the Court's order to show cause. The Court granted leave to file a brief. Dkt No. 10. On April 7, 2017, the Court received a brief from A&C arguing that the Court lacks jurisdiction over this case. Dkt No. 22.

The Court has "an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte.*" *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006); Fed. R. Civ. P. 12(h)(3). The Court must dismiss the case if it lacks subject matter jurisdiction. *See id.* Here, the Court concludes that it lacks subject matter jurisdiction over the present matter. "Article III

of the Constitution bestows judicial power to a court [only] when an actual, live 'case' or 'controversy' exists between litigants." *Eckert*, 227 F.R.D. at 63 (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)). "A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (citations and quotation marks omitted). Because there is no named plaintiff in this case, the action lacks a "live 'case' or 'controversy' . . . between litigants." *Eckert*, 227 F.R.D. at 63. Furthermore, the Second Circuit has held that "if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot." *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994) (citing *Board of Sch. Commissioners of Indianapolis v. Jacobs*, 420 U.S. 128, 129-30 (1975) (per curiam)). Here, because Plaintiff's voluntary withdrawal occurred well before any collective or class certification, Plaintiff's voluntary withdrawal rendered "the entire action . . . moot." *Id.*

In their March 8, 2017 response to the Court's order to show cause, Plaintiff's counsel raises two argument as to why subject matter jurisdiction exists in this case. Dkt No. 18. The Court finds neither persuasive.

Plaintiff's counsel first relies on authority holding that, under certain circumstances, the mooting of a named plaintiff's claims does not render an entire class action moot. Dkt No. 18 at 1-2, 5-6. Specifically, Plaintiff's counsel highlights authority holding that "once a class has been certified, mooting a class representative's claim does not moot the entire action." *Eckert*, 227 F.R.D. at 63 (emphasis added); *see also Comer*, 37 F.3d at 798. There are two problems with this argument. First, the Supreme Court has held that this authority, which applies in the class action context, is simply inapplicable in the FLSA collective action context. *See Symczyk*, 133 S. Ct. at 1530. In *Symczyk*, the Third Circuit Court of Appeals had adopted the approach Plaintiff's

3

counsel urges the Court to take here. The Third Circuit had held that, even though an individual plaintiff's claim in a FLSA claim had become moot, the collective action had not. 133 S. Ct. at 1528. The Supreme Court reversed. The Supreme Court recognized the general principle that Plaintiff's counsel relies upon here, that "a class action is not rendered moot when the named plaintiff's individual claim becomes moot *after* the class has been duly certified," but concluded that this principle was "inapposite." In reaching this conclusion, the Supreme Court relied on the differences between Rule 23 class actions and FLSA collective actions. 133 S. Ct. at 1530. The Court explained that, in the class action context, the mooting of the named plaintiff's claim does not render the entire class action moot because "a putative class acquires an independent legal status once it is certified under Rule 23." *Id.* "Under the FLSA, by contrast, 'conditional certification' does not produce a class with an independent legal status, or join additional parties to the action." The Supreme Court thus concluded that "even if [the FLSA plaintiff] were to secure a conditional certification ruling on remand, nothing in that ruling would preserve her suit from mootness." *Id.* This Supreme Court case appears to squarely foreclose Plaintiff's counsel's argument for jurisdiction here.

Second, even if *Symczyk* is somehow distinguishable from the facts of this case, the class action authorities relied upon by Plaintiff's counsel simply do not apply given the procedural posture of this case. Those cases holding that a class action was not mooted involved situations where a class has already been certified. *See Symczyk*, 133 S. Ct. at 1530 ("[A] class action is not rendered moot when the named plaintiff's individual claim becomes moot *after* the class has been duly certified."); *Comer*, 37 F.3d at 798; *Eckert*, 227 F.R.D. at 63. This principle has been extended to cases with a somewhat earlier procedural posture, such as when a class certification motion has been filed but not yet decided. *Eckert*, 227 F.R.D. at 63. The rationale underlying

4

this principle extending subject matter jurisdiction is "concern at a defendant's ability to 'pick off' named plaintiffs by mooting their private individual claims," thereby avoiding a class action. *Weiss v. Regal Collections*, 385 F.3d 337, 343 (3d Cir. 2004); *see also Eckert*, 227 F.R.D. at 62. No facts presented to the Court thus far suggest that this principle applies here. Far from there being a pending certification motion, the defendants in this case have not yet been formerly served. There is also no express contention that Defendants are "picking off" the named plaintiff. This case therefore appears to be one where the Second Circuit's general rule that "if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot" applies. *Comer*, 37 F.3d at 798; *see also Symczyk*, 133 S. Ct. at 1530 (holding that a FLSA collective action was moot when the named plaintiff "had not yet moved for 'conditional certification' when her claim became moot").

Next, Plaintiff's counsel contends that the Court should retain jurisdiction over this case because it is a FLSA action. According to counsel, the Court should assert jurisdiction in order "to hold Defendants responsible for their" purported violations of the FLSA. Dkt No. 18 at 8. Plaintiff's counsel cites no law for the proposition that a court should retain jurisdiction over a FLSA case when the plaintiff withdraws before the defendants are served, but rather relies principally on the Second Circuit's decision in *Cheeks*. *See id.* at 6-8. In *Cheeks*, the Second Circuit held that, in FLSA cases, stipulated dismissals pursuant to Rule 41(a)(1)(A)(ii) (*i.e.*, dismissals filed after the defendants appear and file an answer) require the approval of the district court or Department of Labor. 796 F.3d at 206. Some courts have extended *Cheeks* to other situations, such as Rule 68 settlements. *See, e.g., Sanchez et al. v. Burgers & Cupcakes LLC*, No. 16-cv-3862, Dkt No. 48 (S.D.N.Y. March 16, 2017).

The Court recognizes that "the FLSA is a uniquely protective statute." *Cheeks*, 796 F.3d

5

at 207. Nonetheless, the Court concludes that *Cheeks* and the cases applying it do not control here for two reasons. First, the Second Circuit's holding in *Cheeks* was based on a concern about "the potential for abuse in [FLSA] settlements." *Id.*; *see also Martinez v. Ivy League Sch., Inc.*, No. 15-CV-7238(DRH)(GRB), 2016 WL 3582062, at *2-*3 (E.D.N.Y. June 28, 2016). This concern about collusive settlements also motivated those cases extending *Cheeks* to Rule 68 settlements. *See Sanchez et al. v. Burgers & Cupcakes LLC*, No. 16-cv-3862, Dkt No. 48 (S.D.N.Y. March 16, 2017). Here, however, there is no express contention that a settlement exists. Second, *Cheeks* and those cases applying it have involved dismissals of cases *with prejudice*. *See, e.g.*, *Cheeks*, 796 F.3d at 200, 206; *Martinez*, 2016 WL 3582062, at *3. Such dismissals irrevocably affect a plaintiff's ability to litigate his FLSA claims. Here, in contrast, the Court is dismissing the case for lack of subject matter jurisdiction and without prejudice. Such a dismissal will not impede the FLSA's goal of ensuring "employee protections," *see Cheeks*, 796 F.3d at 207, as the Defendants may face liability for any FLSA violations they may have committed in another lawsuit filed by either this plaintiff or by others.

Because there is no named plaintiff in this action, which is at its earliest stages, the Court dismisses this case without prejudice for lack of subject matter jurisdiction. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: June ~~April~~ 28, 2017
New York, New York

_____
ALISON J. NATHAN
United States District Judge

6